|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| KIRK WILLIAMS, M.D., Individually and d/b/a Apollo Emergency Services of Texas, P.A., and APOLLO PHYSICIANS OF TEXAS, P.A., d/b/a Apollo Emergency Services of Texas, P.A., <br><br> Plaintiffs, <br><br> *versus* <br><br> EDCARE MANAGEMENT, INC., JEFFREY SCHILLINGER, BEAUMONT HOSPITAL HOLDINGS, INC., d/b/a Medical Center of Southeast Texas, IASIS HEALTHCARE HOLDINGS, INC., IASIS HEALTHCARE CORPORATION, THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P., and PORT ARTHUR EMERGENCY PHYSICIANS, L.L.C., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 1:08-CV-278 |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiffs Kirk Williams, M.D. ("Williams"), and Apollo Physicians of Texas, P.A.'s ("Apollo") Motion to Remand (#5). Plaintiffs seek remand to state court of this action for tortious interference, breach of contract, civil conspiracy, and business disparagement against EDCare Management, Inc. ("EDCare"), Jeffrey Schillinger ("Schillinger"), Beaumont Hospital Holdings, Inc. ("BHH"), Iasis Healthcare Holdings, Inc., and Iasis Healthcare Corporation (collectively, "Iasis"), the Medical Center of Southeast Texas, L.P. ("Medical Center of Southeast Texas"), and Port Arthur Emergency Physicians, L.L.C. ("Port Arthur Emergency Physicians"). Plaintiffs assert that this court lacks subject matter jurisdiction, the removal was untimely, and Defendants waived their right to remove by invoking state court process. Having

reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I.     Background

Williams is the owner of Apollo, a professional association that, in the name of Apollo Emergency Services of Texas, P.A., contracts with emergency room physicians in order to provide emergency medical services to local hospitals. For several years, Apollo doctors provided emergency medical care at two regional hospitals, Park Place Hospital and Mid-Jefferson County Hospital, which were owned and operated by Iasis. These two hospitals were later closed and merged to form the Medical Center of Southeast Texas, also owned and operated by Iasis. Upon the opening of the new facility, Apollo physicians continued to provide Iasis with emergency room services. In 2006, however, Iasis terminated Apollo's contract. Iasis allegedly offered a new contract to Apollo, but Apollo purportedly rejected the offer, complaining that the terms of the new agreement were unacceptable. Iasis subsequently awarded the contract to Port Arthur Emergency Physicians, a subsidiary of EDCare, which ultimately retained the same physicians previously employed by Apollo to provide the necessary emergency medical care.

On January 4, 2007, Plaintiffs filed suit in the 58th Judicial District Court of Jefferson County, Texas, asserting state law claims against Defendants for tortious interference, breach of contract, civil conspiracy, and business disparagement. Throughout the course of the litigation, Plaintiffs have amended their petition no less than six times. Plaintiffs' Sixth Amended Petition was filed on May 13, 2008, in response to a hearing on special exceptions conducted on May 2, 2008. At the hearing, Plaintiffs' counsel stated that he would amend the petition to allege more explicitly that Defendants were engaging in illegal acts constituting violations of the Emergency

Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and federal Medicare laws.

Along with filing six amended petitions, Plaintiffs have also filed two responses to several motions for summary judgment submitted by Defendants. On March 31, 2008, Plaintiffs filed a Consolidated Response to EDCare Defendants' Motions for Summary Judgment. Plaintiffs supplemented that response on May 6, 2008.

On May 16, 2008, eleven days before trial was set to commence, Defendants removed this action to federal court on the basis of federal question jurisdiction, contending that Plaintiffs' state law claims require the resolution of substantial federal questions under EMTALA and federal Medicare laws. On June 12, 2008, Plaintiffs filed the instant motion to remand, claiming that their claims rely only on state law, Defendants' removal was untimely, and Defendants waived their right to remove by proceeding in state court.

II. Analysis

A. Procedure for Removal

"The procedure for removal is set forth by 28 U.S.C. § 1446." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 240 (5th Cir. 2000). Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). Because removal raises significant federalism concerns, the removal statutes must be strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002); *Manguno*, 276 F.3d at 723.

The defendant must file a notice of removal within thirty days of receiving by service or otherwise a copy of a pleading or other paper indicating that the case is or has become removable. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Johnson*, 227 F.3d at 241-42, 244; *Holguin v. Albertson's, LLC*, 530 F. Supp. 2d 874, 876-77 (W.D. Tex. 2008); *Polk v. Sentry Ins.*, 129 F. Supp. 2d 975, 978 (S.D. Miss. 2000);

*Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 673-74 (E.D. Tex. 1999). As the court explained in *Delaney*:

> The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992), [*cert. denied*, 507 U.S. 967 (1993)]. If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

41 F. Supp. 2d at 673-74; *see also Evett v. Consolidated Freightways Corp.*, 110 F. Supp. 2d 510, 512 (E.D. Tex. 2000). All the defendants, unless nominal or formal, must join in or consent to removal; failure to do so renders the removal defective. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir.), *cert. denied*, 502 U.S. 866 (1991); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 377-78 (S.D. Tex. 2006). Furthermore, removal is appropriate in a diversity case only if the parties properly joined and served as defendants are not citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch*, 491 F.3d at 281; *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

The thirty-day deadline for filing a notice of removal is triggered when it first becomes "unequivocally clear and certain" that the case is removable. *Bosky*, 288 F.3d at 211. If the situation is unclear,

> [w]ell-established public policy dictates that when there is uncertainty as to the right of removal . . ., such ambiguity is construed against removal. Two reasons explain this rule. First, the Plaintiff's choice of forum should generally be given deference. Second, when there is a debatable question of whether a case has been properly removed, it is an imprudent use of judicial resources for a District Court to proceed with the possibility that any verdict may be upset after a full trial on the merits of the claim.

*Marshall v. Skydive Am. S.*, 903 F. Supp. 1067, 1069 & n.5 (E.D. Tex. 1995) (citing *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979); *see Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 663 (7th Cir. 1976); *Luckett v. Harris Hosp.-Fort Worth*, 764 F. Supp. 436, 440 (N.D. Tex. 1991)).

While the time limit for removal is not jurisdictional and may be waived, the failure to file a notice of removal within thirty days may render removal improper. *See Johnson*, 227 F.3d at 241, 244; *Cervantez v. Bexar County Civil Serv. Comm'n*, 99 F.3d 730, 734 (5th Cir. 1996); *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Unless the plaintiff waives the time limit or there is some equitable reason not to apply it, "a defendant who does not timely assert the right to remove loses that right." *Brown*, 792 F.2d at 481; *accord Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 n.8 (5th Cir. 2003); *Johnson*, 227 F.3d at 241, 244; *Cervantez*, 99 F.3d at 734; *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982). Moreover, "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." *Brown*, 792 F.2d at 481; *see Doe*, 969 F.2d at 169. Thus, an untimely filing of a notice of removal, if not waived by the plaintiff, makes the removal improvident, requiring remand. *See Cervantez*, 99 F.3d at 734; *Royal*, 685 F.2d at 127. Even a defendant who petitions timely may

waive its right to remove by proceeding to defend the action in state court or otherwise invoking the processes of that court. *See Brown*, 792 F.2d at 481.

      B.    <u>Grounds for Removal</u>

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank*, 128 F.3d at 922; *see* 28 U.S.C. § 1441(a).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *McDonal*, 408 F.3d at 181; *Howery*, 243 F.3d at 914-15; *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004); *Manguno*, 276 F.3d at 723; *Howery*, 243 F.3d at 916; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).

A federal question arises if a substantial, disputed question of federal law is presented on the face of the plaintiff's "well-pleaded complaint." *See Davila*, 542 U.S. at 207; *Caterpillar*

*Inc.*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). "Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Frank*, 128 F.3d at 922; *see MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir.), *cert. denied*, 537 U.S. 1046 (2002). "Under the 'well pleaded complaint' rule, . . . a movant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law." *Frank*, 128 F.3d at 922 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-11 (1983)); *accord Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003), *cert. denied*, 540 U.S. 1104 (2004); *Howery*, 243 F.3d at 916 n.12; *Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Pursuant to the well-pleaded complaint rule, a case does not arise under federal law and, thus, is not removable if the complaint asserts only state law causes of action. *See Kramer*, 80 F.3d at 1082 (citing *Franchise Tax Bd.*, 463 U.S. at 10).

"[A] complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States." *Howery*, 243 F.3d at 917 (citing *American Well Works v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *see In re Hot-Hed, Inc.*, 477 F.3d at 323. A "complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial."

8

*Howery*, 243 F.3d at 917 (citing *Franchise Tax Bd.*, 463 U.S. at 9; *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)); *accord Bobo v. Christus Health*, 359 F. Supp. 2d 552, 555 (E.D. Tex. 2005). "Ultimately, whether a federal issue embedded in the matrix of a state law claim will support federal question jurisdiction entails a pragmatic assessment of the nature of the federal interest at stake." *Howery*, 243 F.3d at 917; *accord Bobo*, 359 F. Supp. at 555.

"Courts will, however, typically look beyond the face of the complaint to determine whether removal is proper." *Frank*, 128 F.3d at 922 (citing *Villarreal v. Brown Express, Inc.*, 529 F.2d 1219, 1221 (5th Cir. 1976)); *see Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955 (1992). It is well-settled that the removability of an action cannot be defeated by artful or disguised pleading. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *Aaron v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990); *see also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). A plaintiff "'may not defeat removal by omitting to plead necessary federal questions.'" *Id.* (quoting *Franchise Tax Bd.*, 463 U.S. at 22); *see MSOF Corp.*, 295 F.3d at 490. "A federal court may find that a plaintiff's claims arise under federal law even though the plaintiff has not characterized them as federal claims." *Frank*, 128 F.3d at 922 (citing *Aquafaith Shipping, Ltd.*, 963 F.2d at 808; *Uncle Ben's Int'l Div. of Uncle Ben's, Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 217 (5th Cir. 1998)). Indeed, where a plaintiff has no viable or legitimate claim under state law, he may not avoid removal by artfully casting his federal suit as one arising exclusively under state law. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex 1998).

On the face of Plaintiffs' Sixth Amended Petition, it does not appear that federal law creates any of the causes of action alleged or that Plaintiffs' right to relief depends on the resolution of a substantial, disputed question of federal law, as required for federal question jurisdiction. *See Caterpillar Inc.*, 482 U.S. at 392; *MSOF Corp.*, 295 F.3d at 490. Instead, the petition asserts traditional state law claims common to everyday business disputes. Defendants argue, however, that Plaintiffs are attempting to avoid federal jurisdiction through artful or incomplete pleading. Although not explicitly identified as such in the petition, Defendants contend that Plaintiffs raise substantial federal questions as essential elements of their tortious interference and civil conspiracy claims. Specifically, Defendants assert that these claims are premised on purported violations of EMTALA and various Medicare laws.

In support of their position, Defendants direct the court's attention to statements contained in Plaintiff's Sixth Amended Petition, filed on May 13, 2008, and Plaintiffs' Consolidated Response to EDCare Defendant's Motions for Summary Judgment, filed on May 6, 2008. In their Sixth Amended Petition, Plaintiffs identify several torts and statutory violations as underlying their tortious interference claims. Among these, Plaintiffs list "attempting to force plaintiffs to medically screen out an arbitrarily chosen percentage of patients who were uninsured to increase the hospital's profits" and "requiring and agreeing that physicians screen out indigent and/or uninsured patients and admit insured and Medicare patients who would not otherwise be admitted." Plaintiffs argue that "[t]his conduct violates 25 TAC Rule 133.44 and other laws regulating hospitals." Similarly, in their Consolidated Supplemental Response to EDCare Defendants' Motions for Summary Judgment, Plaintiffs describe the unlawful purpose of the alleged conspiracy, claiming "the IASIS defendants had as their goal a reduction (by an arbitrary

amount) in service to uninsured patients, in violation of EMTALA, and an increase in admissions of patients with insurance (especially [M]edicare patients) who would not otherwise be admitted, in violation of the federal Medicare statutes." According to Defendants, these statements clearly establish that Plaintiffs' lawsuit largely depends on alleged violations of federal law. Thus, Defendants aver that this action was properly removed to federal court.

The court, however, is unpersuaded by Defendants' argument that the above-styled case requires adjudication in a federal forum. While Plaintiffs' pleadings and other filings appear to reference EMTALA and federal Medicare laws, courts are clear that the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813 (1986); *see Howery*, 243 F.3d at 918. It is well established that references to federal rules and regulations in complaints alleging state law causes of action, even if they constitute an element of the plaintiff's claim, may not suffice to render the action as one arising under federal law. *See Florida Marine Transporters, Inc. v. Trinity Marine Prods., Inc.*, No. CIV. A. 02-1902, 2002 WL 31246765, at *3 (E.D. La. Oct. 4, 2002). Similarly, a plaintiff's assertion that a defendant violated a federal regulation may not be enough to confer federal question jurisdiction, where the bulk of the plaintiff's claims are based on state law theories of recovery. *See MSOF Corp.*, 295 F.3d at 490 (allegation that defendant's facility violated federal environmental regulations as well as state and local regulations did not give rise to federal question jurisdiction where complaint primarily alleged negligent and strict liability torts under Louisiana law); *see also Sercye-McCollum v. Ravenswood Hosp. Med. Ctr.*, 140 F. Supp. 2d 944, 946 (N.D. Ill. 2001) (finding remand of state law negligence claim to be appropriate where EMTALA was not the only regulation upon which the plaintiffs relied to

establish the defendants' duty of care). Even if Plaintiffs' causes of action require the court to interpret EMTALA and federal Medicare laws, it does not necessarily follow that federal question jurisdiction exists. *See Templeton Bd. of Sewer Comm'rs v. American Tissue Mills of Mass., Inc.*, 352 F.3d 33, 40-41 (1st Cir. 2003) (no federal question in breach of contract claim under state law seeking declaratory judgment requiring interpretation of Clean Water Act regulations); *Florida Marine Transporters, Inc.*, 2002 WL 31246765, at *3 (no federal question in a state law breach of contract claim requiring interpretation of United States Coast Guard rules and regulations); *Vencor Hosps. Tex., Ltd. v. National Found. Life Ins.*, No. CIV. A. 3-97-3057-P, 1998 WL 355476, at *3-4 (N.D. Tex. June 29, 1998) (federal question jurisdiction not found in case alleging Texas common law and statutory claims that arguably required the interpretation of Medicare statute and related regulations).

Even assuming *arguendo* that Plaintiffs' references to federal law are of sufficient importance to confer federal jurisdiction, Defendants failure to file their notice of removal in a timely manner renders removal of the instant case improper. Although this action was first filed in state court on January 4, 2007, Defendants did not file their notice of removal until May 16, 2008—fifteen months later and just eleven days prior to the scheduled trial date in state court. In their response to Plaintiffs' motion to remand, Defendants attempt to explain this delay, arguing that "[t]his case was not removable until the filing of Plaintiffs' Sixth Amended Petition on May 13, or at the very least not before the May 2 hearing. . . ." Defendants contend that it was not revealed until the May 2, 2008, hearing on special exceptions that Plaintiffs were relying on EMTALA to establish their state law claims. They aver that, in accordance with statements made at the hearing and the deposition of Plaintiffs' liability expert, Plaintiffs submitted a Sixth

Amended Petition on May 13, 2008, which, for the first time, clearly alleged violations of federal law in support of their state law claims. Defendants assertions, however, are belied by the record in this case.

A review of the record reveals that several documents filed by Plaintiffs prior to May 13, 2008, reference EMTALA and the federal Medicare laws, utilizing terms that are nearly identical to those found in Plaintiffs' Sixth Amended Petition. For example, in their Third Amended Petition, filed March 24, 2008, Plaintiffs allege in furtherance of their tortious interference claims that Defendants committed multiple underlying torts and statutory violations, including "permitting and encouraging the corporate practice of medicine by reducing the cost of emergency department care by requiring that physicians screen out indigent and/or uninsured patients." Plaintiffs' Fifth Amended petition, filed March 31, 2008, similarly alleges that Defendants tortiously interfered with various business contracts and relationships and, in the course of doing so, engaged in multiple illegal acts, including "permitting and encouraging the corporate practice of medicine by reducing the cost of emergency department care by requiring and agreeing that physicians screen out indigent and/or uninsured patients and admit insured and Medicare patients who would not otherwise be admitted." This language appears to tie Plaintiffs' state law claims to alleged violations of EMTALA and federal Medicare laws at least as strongly as Plaintiffs' Sixth Amended Petition.

Even more indicative of Defendants' untimely removal is Plaintiffs' Consolidated Response to EDCare Defendants' Motions for Summary Judgment, filed on March 31, 2008. In the response, Plaintiffs identify the purported object of Defendants' conspiracy, stating that "the IASIS defendants had as their goal a reduction (by an arbitrary amount) in services to uninsured patients,

in violation of ETMALA, and an increase in admissions of patients with insurance (especially [M]edicare patients) who would otherwise not be admitted, in violation of the federal Medicare statutes." This language is indistinguishable from that utilized in Plaintiffs' supplemental submission of May 6, 2008.

Thus, the court finds Defendants' argument that Plaintiffs first raised questions requiring federal adjudication in their Sixth Amended Petition and Consolidated Supplemental Response to EDCare Defendants' Motions for Summary Judgment to be disingenuous. If a federal question is raised by these documents, then it was likewise raised by Plaintiffs' Third and Fifth Amended Petitions as well as their Consolidated Response to EDCare Defendants' Motions for Summary Judgment, all filed in March 2008. Hence, to effect timely removal of the instant lawsuit, it was incumbent upon Defendants to file their notice of removal long before May 16, 2008. It is well settled that subsequent events may create a new basis for removal, but they do not "undo the original waiver." *Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989). "If the defendant does not remove the case upon the first opportunity, he has waived his right to remove at a later time." *Hubbard v. Union Oil Co. of Cal*, 601 F. Supp. 790, 795 (S.D. W.Va. 1985). "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.'" *Samura*, 715 F. Supp. at 972 (quoting *Hubbard*, 601 F. Supp. at 795 (citations omitted)); *accord Kirby v. SBC Servs., Inc.*, No. Civ. A. 3:03-CV-0194-P, 2003 WL 21246142, at *5 (N.D. Tex. Apr. 23, 2003); *Sehl v. Safari Motor Coaches, Inc.*, No. C 01-1750 SI, 2001 WL 940846, at *4 (N.D. Cal. Aug. 13, 2001). By waiting to file their notice of removal until

May 16, 2008, Defendants waived their right to remove. This action, therefore, was improvidently removed and must be remanded to state court.

III. Conclusion

Because Plaintiffs' causes of action arise under state law and do not raise substantial questions of federal law, this case was improperly removed. Moreover, even if removal was appropriate at some juncture, Defendants waived their right to remove by failing to file their notice of removal in a timely manner. Accordingly, Plaintiffs' motion to remand is GRANTED. This action will be remanded to the 58th Judicial District Court of Jefferson County, Texas.

All other pending motions are denied as moot.

SIGNED at Beaumont, Texas, this 28th day of October, 2008.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE